**No. 57018.**—F. W. Woolworth Company *v.* United States, protest 172142–K (New York).

OLIVER, Chief Judge: This case relates to several items invoiced as "Halloween figures" and identified in the official papers as shown in the following tabulation. Samples of the articles were received in evidence and marked as set forth below.

| Invoice item No. | Customs official's description | Plaintiff's exhibit No. |
|---|---|---|
| 100/1 | Boy | Collective 1 |
| 100/2 | Devil | Collective 2 |
| 100/3 | Cat & witch | Exhibit 3 |
| 100/6 | Clown fig. | Exhibit 4 |
| 100/4 | Clown figure | Collective 5 |
| 100/9 | Figure | Collective 6 |
| 100/5 | Devil & witch | Collective 7 |
| 100/10 | Cat on pumpkin | Collective 8 |
| 100/7 | Cat | Collective 9 |
| 100/18 | Hooligan | Collective 10 |
| 100/19 | — | Exhibit 11 |
| 100/20 | Carrot figure | Collective 12 |

The merchandise was classified as toys under paragraph 1513 of the Tariff Act of 1930 and was accordingly assessed with duty at the rate of 70 per centum ad valorem. Plaintiff claims that the articles are classifiable as manufactures of papier mâché, not specially provided for, under paragraph 1403, as modified by T. D. 52476, carrying a duty assessment of 12½ per centum ad valorem.

Counsel for the respective parties stipulated, during the course of the trial, that the articles in question are composed wholly or in chief value of papier mâché. Thus, the sole question before us is one of fact, i. e., whether the present merchandise is "chiefly used for the amusement of children," which is the statutory requirement under paragraph 1513, *supra*, for the classification of merchandise as toys.

The record consists of the testimony of 12 witnesses, all of whom appeared on behalf of the plaintiff. All of them had several years of personal experience in dealing with the items under consideration as commercial commodities and observing them in use. Their combined testimony establishes that the articles in question are novelties, chiefly used by adults and never used by children for their amusement. The uncontradicted testimony shows that these articles are used in stores for decorative and display purposes. They are also used at Halloween parties, attended exclusively by adults, as table decorations and also as "place cards." The witnesses were positive in their testimony to the effect that they had never seen any of the articles in question played with by children.

The samples of the present merchandise support plaintiff's oral testimony. These figures range in height from 3 to 6 inches. Each is appropriately colored for the particular figure of which it is representative. They are designed to remain stationary and make no noise. The appearance of each article lends corroboration to the witnesses' statements that the merchandise is chiefly used as ornaments for display and decorative purposes.

Defendant submitted no brief in this case. Instead, Government counsel filed a letter stating "In view of the record in the above-entitled case and the decisions of this Court, particularly, the decision in the case of *S. S. Kresge & Co.* v. *United States*, Protest 145971–K, decided December 11, 1952, this office will not file a brief

in the above-entitled case." The cited case also involved papier-mâché articles and presented the same issue as that now before us. In that case, the importer's claim was sustained.

On the basis of the present record, we find that the items in question, as hereinabove enumerated, are not toys, as classified by the collector. They are properly classifiable under the provision in paragraph 1403, as modified, *supra*, for manufactures of papier mâché, not specially provided for, and dutiable at the rate of 12½ per centum ad valorem, as claimed. The protest is sustained to the extent indicated and judgment will be rendered accordingly.